# EXHIBIT B

1
2
3
4
5
6
7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

8

**IRENE RIGGS, an individual**

9                                    **Plaintiff,**

10          v.

11   **LIFE   CARE   CENTERS   OF   AMERICA,**
     **INC., a Tennessee Corporation**

12                                   **Defendant.**

13

Case No. _____ KNT

COMPLAINT FOR DAMAGES

14          **COMES NOW** Plaintiff Irene Riggs ("Riggs" or "Plaintiff"), by and through her

15   attorneys of record, George O. Tamblyn and Gregory M. Skidmore of Advocates Law Group,

16   PLLC, and by way of cause of action against the above-captioned Defendant, Life Care Centers

17   of America, Inc., a Tennessee corporation conducting business in Washington State ("Life

18   Care" or "Defendant"), states and alleges as follows:

19                                     I.      **PARTIES**

20   1.     Plaintiff was employed by Defendant as an Executive Director of the Life Care Center

21   in Sandpoint, Bonner County, Idaho at all times relevant to this Complaint.

22   2.     Plaintiff was a resident of Bonner County, Idaho at all times relevant to this Complaint.

23

COMPLAINT FOR DAMAGES - 1

ADVOCATES LAW GROUP, PLLC
2448 76th Ave. SE, Suite 100
Mercer Island, WA 98040

3.      Defendant Life Care Centers of America, Inc. is a corporation organized and existing under the laws of the State of Tennessee with its headquarters and principal place of business in Cleveland, Tennessee while conducting business in Washington State.

4.      Defendant was an employer as defined by Washington State laws under RCW 49.60.040(11) at all times relevant to this Complaint.

5.      Defendant is a health care company that provides long term nursing care services to residents in King County, WA with its primary Human Resources and corporate offices for the Pacific Northwest Area in Federal Way, WA.

## II.     JURISDICTION AND VENUE

6.      The Court has jurisdiction over this action pursuant to RCW 49.60.030.

7.      Venue is proper pursuant to RCW 4.12.020 because some part of the cause of action arose in and Defendant resides in King County.

8.      Defendant resides in King County, Washington because it transacts business and has an office for the transaction of business in King County pursuant to RCW 4.12.025

## III.    FACTUAL ALLEGATIONS

9.      Plaintiff Irene Riggs worked as an executive director for Defendant Life Care Centers of America from September 25, 2006 until her termination on February 1, 2016.

10.     As Executive Director of Life Care Centers' Sandpoint facility, Plaintiff performed admirably, had positive performance, and was exceeding corporate expectations.

11.     Tim Needles, Regional Vice-President, was Plaintiff's supervisor beginning in 2013.

12.     In or about October and November 2015, Plaintiff and her staff were being subjected to a sexually-charged atmosphere by Tim Needles and a Registered Nurse, Caren Bays.

COMPLAINT FOR DAMAGES - 2

ADVOCATES LAW GROUP, PLLC
2448 76th Ave. SE, Suite 100
Mercer Island, WA 98040

13.  Mr. Needles made multiple sexual advances including provocative exchanges during the staff costume party where Ms. Bays was dressed up as a cat.

14.  Plaintiff complained on her behalf and on behalf of her co-workers that Tim Needles was creating a sexually-charged work atmosphere and was making them uncomfortable.

15.  Plaintiff reasonably believed their behavior violated the corporate Code of Conduct and Associate Handbook for Corporate Associates Outside of Cleveland because the behavior was "offensive to fellow associates" and reasonably believed to be sexual harassment.

16.  In an effort to resolve the situation without corporate interference and consistent with her job duties as an Executive Director, Plaintiff raised the issue with Tim Needles directly on November 12, 2015.

17.  Afraid for her job because she had opposed Tim Needles' sexual behavior, Plaintiff turned to Corporate Human Resources relying upon Life Care Centers' Code of Conduct that "prohibit[s] retribution."

18.  Ms. Riggs spoke with Raymond Thompson, Divisional Vice-President in Federal Way, Washington, who warned Ms. Riggs that "she needed to be careful" about the issues she brought to HR's attention.

19.  Upon corporate's instruction, Nataliya Yakimenko, Division Director of Clinical Services in Federal Way, Washington, opened an investigation related to Tim Needles and Caren Bays.

20.  Ms. Yakimenko does not hold a position in Human Resources and is not HR certified or qualified to conduct internal investigations.

21.  Tim Needles and Caren Bays were both aware of Ms. Riggs' complaint to Human Resources.

COMPLAINT FOR DAMAGES - 3

ADVOCATES LAW GROUP, PLLC
2448 76ᵗʰ Ave. SE, Suite 100
Mercer Island, WA 98040

22.     On or about January 5, 2016, Plaintiff unplugged a resident's television because the resident was threatening to play the television too loud.  He had a recent history of playing his television too loud and bothering other residents.  The resident had also been loud and swearing at the staff and was purposefully playing the television loud because he did not want to share his room with anyone else.

23.     Based on the resident's behavior, Plaintiff concluded that the resident was interfering with the rights of other residents and the facility could no longer meet the resident's needs.

24.     On January 12, 2016, Jan Young, Health Ombudsman for the Aged in north Idaho, indicated she had received an anonymous complaint regarding Plaintiff's treatment of the resident.

25.     Ms. Young approved of Plaintiff unplugging the television and had no concerns with Plaintiff's treatment of the resident.

26.     Plaintiff was aware of and complied with Defendant's policy regarding residents' rights.

27.     Eventually the resident calmed down and the television was plugged back in.

28.     On or about January 25, 2016, Tricia Richardson, RN, and Dyan Foster, Regional Field Controller, suspended Ms. Riggs without pay.

29.     On information and belief, neither Tricia Richardson or Dyan Foster hold a position in Human Resources and are not HR certified or qualified to conduct internal investigations.

30.     In fact, Tim Needles, Regional Vice-President, was involved in the investigation of abuse and recommended Plaintiff's termination.

31.     On or about February 1, 2016, Defendant terminated Plaintiff's employment allegedly for confirmed allegations of abuse for unplugging the television and trying to discharge the belligerent resident.

ADVOCATES LAW GROUP, PLLC
2448 76th Ave. SE, Suite 100
Mercer Island, WA 98040

32.     The Bureau of Facility Standards who oversees long term care facilities did not find any abuse.  There has been no complaint on Plaintiff's nursing home administrator's license.

33.     Sylvia Bash, who had also unplugged the television for a resident, was not terminated for the same behavior.

34.     Prior to Ms. Riggs' complaints to Human Resources and subsequent termination, her performance was superb.

35.     Her facilities ranked 23rd out of 211 long-term care facilities at Life Care Centers for quality indicators including customer service satisfaction, cost, clinical results, and compliance.

36.     Plaintiff has suffered significant economic and non-economic damages because of Life Care Center's retaliatory treatment and wrongful termination.

## IV.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### RCW 49.60.210(1)
### Retaliation

37.     Plaintiff incorporates the foregoing paragraphs.

38.     Plaintiff engaged in protective activity when she opposed employment practices and behavior that she reasonably believed to be an unlawful employment practice and in violation of Defendant's own Code of Conduct.

39.     Plaintiff reported the sexual conduct to Human Resources and to her supervisor.

40.     Plaintiff's protected activity was a substantial factor in Defendant's decision to terminate Plaintiff on February 1, 2016.

41.     Defendant's reason of abuse of a patient is mere pretext as the Idaho State Health Ombudsman found no wrongdoing by Plaintiff and Plaintiff was entirely within her discretion to unplug the television for a belligerent patient.

COMPLAINT FOR DAMAGES - 5

ADVOCATES LAW GROUP, PLLC
2448 76th Ave. SE, Suite 100
Mercer Island, WA 98040

42.     As a direct and proximate cause of Defendant's actions, Plaintiff Irene Riggs has been caused to experience pain and suffering, mental distress, anguish, humiliation, loss of enjoyment of life, lost wages and benefits both past and future, all in amounts to be proven at trial.

## SECOND CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy

43.     Plaintiff incorporates the foregoing paragraphs.

44.     Washington State has a strong public policy, evidenced in both Washington statutes and common law, against retaliating against employees who in good faith engage in protected activity by opposing the sexual conduct and the behavior in violation of the employer's Code of Conduct.

45.     Defendant's termination of Plaintiff jeopardizes the public policy of a workplace free from retaliation.

46.     As a direct and proximate cause of Defendant's actions, Plaintiff Irene Riggs has been caused to experience pain and suffering, mental distress, anguish, humiliation, loss of enjoyment of life, lost wages and benefits both past and future, all in amounts to be proven at trial.

## V.     PRAYER FOR RELIEF

**WHEREFORE** Plaintiff Irene Riggs prays for judgment against the Defendant as follows:

    A. General damages for mental distress, anguish, humiliation and loss of enjoyment of life, all in amounts to be proven at trial;

    B. Lost wages and benefits all in amount to be determined at trial;

    C. Reasonable attorney's fees and costs pursuant to RCW 49.60.030;

COMPLAINT FOR DAMAGES - 6

ADVOCATES LAW GROUP, PLLC
2448 76th Ave. SE, Suite 100
Mercer Island, WA 98040

D. Pre-judgment and post-judgment interest at the rate provided by law; and

E. Such other and further and different relief as the court deems just and proper.

*Dated this 30th day of August, 2016.*

ADVOCATES LAW GROUP PLLC

George O. Tamblyn, WSBA #15429
Gregory M. Skidmore, WSBA #47462
*Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES - 7

ADVOCATES LAW GROUP, PLLC
2448 76th Ave. SE, Suite 100
Mercer Island, WA 98040